United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30481
Summary Calendar

LECIA P. MCCULLOUGH, KIMBERLY G. DARLING, and PAULA J. DAVENPORT,

Plaintiffs - Appellants

versus

KEVIN KIRKUM, SERGEANT, POLICE DEPARTMENT OF CITY OF LAKE CHARLES,
CITY OF LAKE CHARLES, and DONALD DIXON, POLICE CHIEF,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
(No. 2:04-CV-2579)

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants, Lecia P. McCullough, Kimberly G. Darling, and Paula J. Davenport, appeal the district court's order granting summary judgment in favor of Defendants-Appellees, Kevin Kirkum, the Police Department City of Lake Charles (the "Department"), the City of Lake Charles, and Donald Dixon. We affirm.

**I. Facts and Proceedings**

---

[*]Under 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiffs-Appellants, three female employees of the Department, contend that they were sexually harassed by Kirkum, another employee of the Department. Specifically, Plaintiffs-Appellants allege that on numerous occasions Kirkum pressed his body against theirs, propositioned them, and commented on their appearance or attire.

On May 12, 2003, Plaintiffs-Appellants filed a formal complaint with the Department. After conducting an investigation, the Department's internal affairs division sustained the complaint on May 23, 2003. As a result, Kirkum was suspended without pay for five days, transferred from the detective division, ordered to attend counseling, and prohibited from communicating with Plaintiffs-Appellants unless through a supervisor. Prior to the May 2003 complaint, no formal complaint had been made against Kirkum.

In December of 2004, Plaintiffs brought this suit, asserting claims of sexual harassment, hostile work environment, and retaliation against Defendants-Appellees under federal and state law. Their allegations included incidents addressed in their May 2003 departmental complaint, as well as incidents that had occurred in 1998. Defendants-Appellees moved for summary judgment and to dismiss; Plaintiffs-Appellants moved for partial summary judgment. The district court converted all motions into motions for summary judgment.

2

In March 2006, the district court granted summary judgment to Defendants-Appellees on all issues. With respect to the allegations of harassment in 2003, the court held that the Department took prompt remedial action. With respect to allegations of incidents that had occurred in 1998, the court held them to be insufficient to support a hostile work environment claim. It further held that, even if they were sufficient to establish a hostile work environment, Plaintiffs-Appellants had failed to take advantage of corrective opportunities provided by the employer. Finally, the court dismissed Plaintiffs-Appellants' retaliation claim, holding that the purportedly retaliatory acts were not adverse employment actions.[1]

Plaintiffs-Appellants timely appealed.

## II. ANALYSIS

**A. Standard of Review**

The district court's decision to grant summary judgment is reviewed de novo.[2] A motion for summary judgment should be granted

---

[1] The district court also granted motions for summary judgment dismissing Plaintiffs-Appellants' claims against the Department and the individual defendants. It further dismissed Plaintiffs-Appellants' § 1983 and state law claims as untimely. Plaintiffs-Appellants do not appeal these holdings.

[2] American Int'l Specialty Lines Ins. Co. v. Canal Indem. Co., 352 F.3d 254, 260 (5th Cir. 2003).

3

only when there is no genuine issue of material fact.[3]  In determining whether there is a genuine issue of material fact, we view all facts and draw all inferences therefrom in favor of the non-moving party.[4]

**B.   Hostile Work Environment**

To survive a motion for summary judgment, a plaintiff alleging a hostile work environment claim based on sexual harassment by a co-worker[5] must prove five elements:

> (1) the employee belonged to a protected class; (2) the employee was subject[ed] to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a "term, condition, or privilege" of employment; and (5) the employer knew or should have known of the

---

[3]   Weeks Marine, Inc. v. Fireman's Fund Ins. Co., 340 F.3d 233, 235 (5th Cir. 2003).

[4]   Id.

[5]   Different standards apply to sexual harassment by a supervisor than by a co-worker.  See Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998); Burlington Indus. v. Ellerth, 524 U.S. 742 (1998); Wyatt v. Hunt Plywood Co., Inc., 297 F.3d 405, 409-11 (5th Cir. 2002) (applying Faragher/Ellerth test).  Courts have also adopted different tests for determining whether an employee is a supervisor or a co-worker.  Compare Parkins v. Civ. Constr. of Ill., 163 F.3d 1027, 1034 (7th Cir. 1998) (individual considered supervisor if he has "the authority to affect the terms and conditions of the victim's employment") with Mack v. Otis Elevator Co., 326 F.3d 116, 126-27 (2d Cir. 2003) (rejecting Parkins' test and holding that individual may be considered a supervisor if he has authority to direct employee's day-to-day work activities).  Under either approach, Kirkum cannot be considered a supervisor under Title VII, as there is no evidence that he had control over either Plaintiffs-Appellants' daily work activities or the tangible conditions of their employment.

4

harassment and failed to take prompt remedial action.[6]

Plaintiffs-Appellants contend that the district court erred in finding that no material issue of fact existed as to whether a hostile work environment existed.  They assert that Plaintiff-Appellant Davenport's testimony that Kirkum continued to harass her after she complained to her supervisors in 1998 demonstrates that the employer was aware of sexual harassment and failed to act. This argument fails.

First, the conduct at issue —— various comments made in 1998 by Kirkum about Davenport's appearance —— was not "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment."[7]  As the district court noted, Davenport herself described Kirkum's behavior as "a little problem."

Second, even if we were to assume arguendo that the conduct was sufficiently severe or pervasive, Plaintiffs-Appellants have failed to demonstrate that "the employer knew or should have known of the harassment and failed to take prompt remedial action."[8] Although Davenport complained informally to her supervisors about Kirkum's conduct in 1998, she requested that no formal report be

---

[6]     Woods v. Delta Beverage Group, Inc., 274 F.3d 295, 298-99 (5th Cir. 2001).

[7]     Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (internal quotation marks omitted).

[8]     Woods, 274 F.3d at 298.

5

made. Accordingly, her supervisors spoke with Kirkum about his conduct. When the supervisors followed up with Davenport several weeks later to ensure that Kirkum's offensive conduct had ceased, she informed them that it had.

Davenport testified that she later informed her supervisor that "he's just not stopping." Davenport never formally reported any subsequent conduct, however, even though she was aware of the Department's sexual harassment policy and the mechanism provided for filing a complaint. A plaintiff alleging sexual harassment by a co-worker has an obligation "to reasonably take advantage of the corrective opportunities provided by her employer."[9] Davenport testified that she did not file a complaint because "she did what she was told." Under the facts of this case, Davenport's failure to file a formal complaint was not reasonable, as there is no reason to believe that the Department would not have responded adequately to the complaint. Indeed, when Plaintiffs-Appellants did formally report incidents in 2003, the Department immediately began an investigation, which was completed in less than eleven days after the filing of the complaint and resulted in Kirkum receiving an unpaid suspension of five days.

The district court properly granted summary judgment to Defendants-Appellees on Plaintiffs-Appellants' hostile work

---

[9] Id. at 300 n.3.

6

environment claim.

## C. Retaliation

Plaintiffs-Appellants also contend that the district court erred in finding that there was no material issue of fact as to their retaliation claim. Specifically, they assert that the Supreme Court's decision in <u>Burlington Northern and Santa Fe Railway Co. v. White</u>,[10] decided after the district court issued its decision, alters the analysis of retaliation claims and, as applied to their case, requires a denial of summary judgment on this claim.

Plaintiffs-Appellants are correct that the district court's characterization of retaliation law is outdated.[11] In <u>Burlington Northern</u>, the Supreme Court rejected the approach taken by several circuits, including this one, that required plaintiffs to demonstrate an "ultimate employment decision" to satisfy the "adverse employment action" element of a retaliation claim.[12] Instead, the Court clarified that the plaintiff must demonstrate that the actions were the sort that "might well have dissuaded a reasonable worker from making or supporting a charge of

---

[10]    __ U.S. __, 126 S. Ct. 2405 (June 22, 2006).

[11]    For purposes of this appeal, we need not address whether or to what extent <u>Burlington</u> affects the analysis of the "adverse employment action" prong of a plaintiff's hostile work environment claim.

[12]    <u>Id.</u> at 2414-15.

7

discrimination."[13]   These actions may include those that take place outside of the workplace.[14]   Thus, the district court's reliance on caselaw requiring an "ultimate employment decision" became inconsistent with <u>Burlington Northern</u> when it was rendered.

Despite this shift in analysis of retaliation claims, however, it does not appear that Plaintiffs-Appellants would meet the more relaxed standard set forth in <u>Burlington Northern</u> either.   The purported materially adverse actions cited by Plaintiffs-Appellants consist of: relocation from one desk to another; vague comments by unnamed employees;[15] and transfers to different divisions <u>as requested by Plaintiffs-Appellants</u>.   These actions are not the sort that would dissuade a reasonable employee from reporting discrimination.   Plaintiffs-Appellants also failed to demonstrate any causal link between the allegedly retaliatory actions and their participation in a protected activity, as they must for their retaliation claim to survive summary judgment.[16]

For the foregoing reasons, the judgment of the district court is

---

[13]    <u>Id.</u> at 2415 (quoting <u>Rochon v. Gonzales</u>, 438 F.3d 1211, 1219 (D.C. Cir. 2006)) (internal quotation marks omitted).

[14]    <u>Id.</u> at 2414.

[15]    For example, one plaintiff complained that a co-worker accused her of appearing to be on drugs.

[16]    <u>See</u> <u>Harvill v. Westward Commc'ns, LLC</u>, 433 F.3d 428, 439 (5th Cir. 2005).

AFFIRMED.